CaRüthers, J.,
delivered the opinion of the Court.
Settle sued Anderson on two notes, due 1st January, 1836, and the 1st January, 1837. The suit was instituted 22d December, 1856.
The defense relied upon was presumption of payment from lapse- of time. The first note had been due twenty-one years, less ten days, and the other one year *203 short of that date. The rule as laid down in 2 Starkie on Ev., 680,- is that the expiration of twenty years without payment of interest on a bond, or other acknowledgment of its existence, raises a presumption that it is satisfied.
This he calls an artificial or legal presumption.
In 2 Greenleaf on Ev., sec. 528, the rule is thus stated: “ The lapse of twenty years," without explanatory circumstances, affords a presumption of law, that the debt is paid, even though it be due by specialty, which the Court will apply without the aid of a jury,” See also 1 vol., sec. 39.
In our State the time to raise the presumption is reduced to sixteen years. Beck’s R., 64; 9 Yerg., 424.
The time is artificial or arbitrary, because one day less will be insufficient; but it is founded on policy, and is now a fixed and stable rule of evidence. In this case the time is long enough under the rule to raise the legal presumption of payment,' and no interest was paid in the mean time, but other facts are proved, to explain the delay and rebut the presumption, and this is of that class of legal presumptions which may be rebutted.
The jury thought the explanatory circumstances sufficient for the purpose, and found that the notes were not paid. The proof adduced by the plaintiff in this case shows that the defendant, on more than one occasion in the intermediate time, acknowledged the notes, but insisted that he had paid them, and had a receipt, but in this it was shown that he was mistaken. He once or- twice said that* although he‘had paid the debts, *204 that he would pay again, if he had the money, and if sued, would stay the judgment.
It was also proved that the plaintiff was very indulgent, and had left the county' about the date of the notes, and had a large number of debts uncollected, from want of attention, as old as this, and many older.
Prom these and other circumstances, the jury were satisfied that the legal presumption of payment was successfully rebutted.
The Court charged that the law presumed the notes paid, but that they would look to the facts proved to “rebut” the presumption, .and “if they were satisfied from the evidence that the notes were not paid, they should find for the plaintiff.”
This charge, though it may not be critically correct, yet it is substantially so, and we cannot say that there was no evidence to sustain the verdict, but certainly it was ■ barely sufficient to rebut the strong legal presump tion.
The judgment will be affirmed.